UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: 9:22-cv-80607-AMC

DELROY A. CHAMBERS, JR.,

    Plaintiff,

v.

BRAVO & CAMINO GROUP, LLC,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Bravo & Camino Group, LLC, through its undersigned, counsel hereby files this Answer to Plaintiff's Complaint filed on 4/19/2022, in corresponding paragraphs to the allegations made in the Complaint as follows:

1. Denied.

2. Denied.

3. Admitted for jurisdictional purposes only. All remaining allegations of this paragraph are denied.

4. Admitted as to the nature of the action, but deny that Plaintiff is entitled to the relief sought.

5. Admitted for venue purposes only. All remaining allegations of this paragraph are denied.

6. Admitted that Mr. Chambers is a tester who at no time intended to rent or purchase a home. All remaining allegations of this paragraph are denied.

7. Admitted that Mr. Chambers is a tester who at no time intended to rent or purchase a home. All remaining allegations of this paragraph are denied.

8. Admitted that Mr. Chambers is a tester who at no time intended to rent or purchase a home. All remaining allegations of this paragraph are denied.

9. Admitted.

10. Without knowledge as to what advertisement Mr. Chambers encountered, therefore denied.

11. Without knowledge as to what advertisement Mr. Chambers encountered, therefore denied

12. Without knowledge, therefore denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied

20. The HUD guidance speaks for itself. All remaining allegations of this paragraph are denied.

21. The HUD guidance speaks for itself. All remaining allegations of this paragraph are denied.

22. The HUD guidance speaks for itself. All remaining allegations of this paragraph are denied.

23. The HUD guidance speaks for itself. All remaining allegations of this paragraph are denied.

24. The HUD guidance speaks for itself. All remaining allegations of this paragraph are

denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT 1 - VIOLATION OF THE FAIR HOUSING ACT

31. Defendant readopts and realleges its answers to paragraphs 1 through 30 as if specifically set forth herein.

32. Admit.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**AFFIRMATIVE DEFENSE**

In further answering and responding to the allegations of Plaintiff's Complaint Defendant affirmatively alleges as follows:

**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff is a professional litigant that has filed hundreds of similar actions in this Court against real estate companies. This complaint should be barred and/or dismissed based on its failure to state a valid cause of action under the Fair Housing Act (FHA). Defendant seeks recovery of reasonable attorney fees and costs in this action.

1. First, Plaintiff has not alleged a cognizable injury sufficient to meet the standing requirements as an aggrieved party under federal law. Although the United States Supreme Court[1] has granted testers like Plaintiff the ability to bring claims under the FHA, the Court still requires Plaintiff to allege an actual injury for those claims to have merit. Plaintiff alleges in this case that the policy of considering an applicant's arrest history, which is not unlawful *per se*, is the cause of Plaintiff injury. But Plaintiff admits he was invited to submit a rental application for consideration but failed or refused to do so because of the alleged criminal history requirement. Plaintiff has failed to meet the most basic requirement of being an aggrieved party and therefore lacks standing to bring this action.

2. Second, Plaintiff makes conclusory statements about an alleged policy with a discriminatory purpose. Plaintiff's complaint, which is similar to the hundreds of other complaints filed before this Court in volume, fails to state with any specificity the Defendant's alleged policy or how that causes specific adverse racial or ethnic disparities in housing. The review of criminal history, *per se*, is not unlawful and may serve a valid interest. The complaint fails to state "enough facts to state a claim to relief that is plausible on its face." See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, the action should be dismissed and/or barred.

3. Third, The Complaint fails to allege statistically imbalanced patterns, artificially arbitrarily and unnecessarily applied, nor does it satisfy the robust causality requirement. *Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.* 576 U.S. 519

---

[1] *Havens Realty Corporation v. Coleman*, 455 U.S. 363 (1982).

*(2015)*. Assuming that there is a statistically significant disparity between the rate at which different races are arrested, such disparity was not caused or even exacerbated by Defendant's practices. Courts should avoid interpreting disparate-impact liability to be so expansive as to inject racial considerations into every housing decision. *Id.* Plaintiff has failed to allege any basis to inject race into Defendant's actions.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served automatically via e-mail through the e-Filing Portal on this May 24, 2022 to Shawn A. Heller, Esq., shawn@sjlawcollective.com; Joshua A. Glickman, Esq., josh@sjlawcollective.com; Social Justice Law Collective, PL 974 Howard Ave.; Dunedin, FL 34698, the Attorneys for the Plaintiff.

By: /s/ *Matthew Estevez*
Matthew Estevez, Esq.
Florida Bar No. 027736
Matthew Estevez, P.A.
9600 NW 25th Street, Suite 2A
Doral, FL 33172
Telephone: (305) 846-9177
Designated E-mail: mse@mattestevez.com